**Order entered July 13, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00548-CR
No. 05-15-00549-CR

**DADRIANNE NICHOLE TURNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause Nos. F11-70784-H, F13-55178-H

## ORDER

The record filed in these appeals does not include a reporter's record of the adjudication hearing held on April 2, 2015. Appellant has filed a July 8, 2015 motion to supplement the record on appeal and to hold the briefing schedule in abeyance. In her motion, appellant has represented to the Court that there appears to be some confusion regarding whether the adjudication hearing was recorded. The trial court's docket sheet indicates that Gina Udoll was the court reporter for the hearing while Udoll has informed appellant that she did not record the adjudication hearing. Official court reporter Chrystal Jones has informed appellant that Udoll was the court reporter.

Because no reporter's record of the April 2, 2015 adjudication hearing has been filed within the time allowed, appellant's motion is **GRANTED**. The trial court is **ORDERED** to make findings of fact regarding whether appellant has been deprived of a portion of the reporter's record.

The trial court shall determine: (1) whether appellant requested preparation of the reporter's record; (2) the date such request was made; and (3) whether appellant, if not indigent, paid or made arrangements to pay for preparation of the reporter's record. *See* TEX. R. APP. P. 35.3, 37.3.

The trial court shall next determine: (1) the name and address of the court reporter who recorded the April 2, 2015 adjudication hearing; (2) whether the notes from the adjudication hearing are available; (3) if available, whether the notes can be transcribed; (4) the name and address of the court reporter who will transcribe the notes; (5) the court reporter's explanation for the delay in filing the reporter's record; and (6) the earliest date by which the reporter's record can be filed.

If the trial court discovers that a significant portion of the court reporter's notes and records or recordings has been lost or destroyed or is inaudible, then the trial court shall further determine: (1) whether appellant is at fault for the lost, destroyed, or inaudible portion of the record; (2) whether the lost, destroyed, or inaudible portion of the record is necessary to the appeals' resolution; and (3) whether any lost, destroyed, or inaudible portion of the record can be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f).

We **ORDER** the trial court to transmit to this Court supplemental clerk's records, containing the written findings of fact, any recommendations, any supporting documentation, and any orders within **THIRTY DAYS** of the date of this order.

These appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier. The Court will reset appellant's briefing deadline after receiving the trial court's findings.

/s/    LANA MYERS  
        JUSTICE